UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                               Case No: 13-20299

v.                                                       Honorable Victoria A. Roberts

LAWRENCE EDWARD BUCKNER,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S:
(1) MOTION TO VACATE SENTENCE (Doc. 21);
(2) MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE (Doc. 31);
(3) MOTION FOR RETURN OF PROPERTY (Doc. 36);
(4) MOTION TO APPOINT COUNSEL (Doc. 32);
(5) MOTION TO SUPPLEMENT PLEADING TO THE MOTION PURSUANT TO 28
U.S.C. § 2255 (Doc. 28); AND
(6) MOTION TO AMEND PLEADING (Doc. 35)**

Lawrence Edward Buckner ("Buckner"), incarcerated at Federal Correctional Institution, Hazelton, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. While his motion to vacate was pending, Buckner filed a motion to modify or reduce his sentence to 110 months and a motion to return $1,100.00 in U.S. Currency. Buckner also filed a motion to supplement his habeas motion but it seeks the same relief as his habeas motion. And, Buckner filed a motion to amend pleading. This seeks the same relief as his motion to modify or reduce his sentence. These two motions are denied as moot.

Buckner pled guilty to possession of a stolen firearm. The court sentenced him to 120 months. Buckner says his sentence should be vacated because his lawyer was ineffective for failing to seek suppression of evidence from an earlier, unrelated traffic

1

stop and for failing to investigate Buckner's actual innocence. The Court is not convinced that Buckner's lawyer prejudiced him in any way.

In his second motion, Bucker claims that Guideline Amendment No. 782 allows the Court to reduce his sentence to 110 months. However, the amendment is not applicable to Buckner's sentence.

In his third motion, Buckner says the Government seized $1,100.00 in U.S. Currency during the unrelated traffic stop, and he wants the money returned. Buckner fails to meet his burden to prove that the United States Government has his money.

Finally, it is not necessary for the Court to either appoint an attorney or hold an evidentiary hearing given the disposition on the other motions.

Buckner's motions are **DENIED**.

I. Background

On February 6, 2013, Washtenaw County Sheriff Officers stopped and arrested Buckner and Brenda Humphrey ("Humphrey"). During police questioning, Humphrey revealed that she purchased cocaine from Buckner. Buckner claims that Washtenaw County Sheriffs took $1,100 U.S. Currency from him during that arrest. That entire proceeding was in Washtenaw County and never involved the United States.

Subsequently, the Washtenaw County Sheriff's office advised Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Ted Crews that Buckner was selling crack cocaine in Ypsilanti. Humphrey, at the direction of law enforcement, sent Buckner text messages requesting drugs. Buckner met Humphrey at a motel in Ypsilanti, MI. During the meeting, Humphrey sold Buckner an ATF owned firearm in exchange for crack cocaine and heroin. Buckner left the motel room and was arrested.

2

On April 18, 2013, a grand jury indicted Buckner on charges of (1)Felon in Possession of a Firearm in violation of 18 U.S.C. §922(g), (2)Distribution of a Controlled Substance in violation of 21 U.S.C. §841(a) and (3)Possession of Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §924(c).Ultimately, Buckner pled guilty to Count One of a First Superseding Indictment charging him with Possession of a Stolen Firearm in violation of 18 U.S.C. §922(j). The plea agreement anticipated guidelines of 130-162 months, limited by the statutory maximum of 120 months. The Court sentenced Buckner to 120 months imprisonment and 3 years supervised release. Had Buckner been convicted on the original charges, he would have faced sentencing enhancements in excess of the sentence he received. Buckner did not appeal his conviction. Buckner has not previously sought relief under 28 U.S.C. §2255.

II. Analysis

### A. Buckner's Motion to Vacate

A federal custodial sentence may be vacated, set aside or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or, (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

To prevail, Buckner "must demonstrate the existence of an error of constitutional magnitude[,] which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d. 855, 858 (6th Cir. 2005).

1. **Buckner's Motion To Vacate is Untimely**

Buckner argues that his motion is timely under 28 U.S.C. §2255(f)(3) because he filed his motion on April 11, 2016, within one year of the Supreme Court's decision in *Johnson v. United States*,135 S. Ct. 2551 (2015). The Government argues that Buckner's petition is barred by §2255(f)(1) and §2255(f)(3) is never triggered because *Johnson* does not apply. The Court agrees.

28 U.S.C. §2255(f)(1) imposed a 1-year period of limitation from the date on which Buckner's judgment became final. The Court sentenced Buckner on October 24, 2013, and he filed his petition at least two years later, around April 11, 2016. His petition is untimely.

Section 2255(f)(3) creates an exception to the general 1-year bar, but Buckner cannot benefit from it. The exception imposes a 1-year period of limitation from the date on which a right is newly recognized by the Supreme Court, if that right was made retroactively applicable to cases on collateral review. Buckner argues that *Johnson v. United States,* 135 S. Ct. 2551 (2015) creates a newly recognized right that applies to his case and gives him the benefit of the exception. Buckner is wrong.

In *Johnson v. United States,* the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. 135 S. Ct. at 2257. Under the ACCA, a defendant convicted as a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); *Johnson*,135 S. Ct. at 2555 (2015). Johnson pled guilty to being a felon in possession of a firearm in violation of § 922(g). *Id.* at 2556.The Government requested an enhanced

4

sentence under the ACCA. *Id.* The district court agreed and sentenced Johnson to a 15–year prison term, instead of the up to 10–year term imposed by statute. *Id.*

But, *Johnson*'s holding does not extend to the *United States Sentencing Guidelines* because they are advisory. *Beckles v. United States* 137 S. Ct. 886, 897(2017). For that reason, the Sixth Circuit concluded that "the *Guidelines'* residual clause remains valid even after *Johnson*." *United States v. Smith*, 881 F.3d 954, ——, No. 16-6720, Slip Op. at 2, 2018 WL 746536 (6th Cir. Feb. 7, 2018).

Buckner's offense level was calculated under the United States Sentencing Guidelines: USSG 2k2.1(a)(2),USSG 2k2.1(b)(4)(A) and USSG 2k2.1(b)(6)(B), and not under the ACCA. Accordingly, Bucker's motion to vacate pursuant to 28 U.S.C. §2255 is untimely.

2. **Ineffective Assistance of Counsel**

Even though the petition is not timely, the Court can still decide this case on its merits. *See Pough v. United States*, 442 F.3d 959, 965 (6th Cir. 2006) (holding that a district court can avoid a statute of limitations question if it would be easier to simply deny relief on the merits).

Buckner says his sentence should be vacated because his lawyer was ineffective for (i) failing to seek suppression of evidence from an earlier traffic stop and (ii) for failing to investigate Buckner's actual innocence. The Court disagrees.

Defendants have a constitutional right to effective assistance of counsel during plea negotiations. *Humphress*, 398 F.3d at 858.To establish that he was denied effective counsel, Buckner must satisfy a two prong test. First, he must show that his attorney's representation fell below an objective standard of reasonableness. *Strickland*

*v. Washington*, 466 U.S. 668, 688 (1984). To do so, Buckner must overcome a strong presumption that his attorney's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689.

Second, Buckner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. Simply put, in order to satisfy the "prejudice" requirement in the context of guilty pleas, Buckner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court is not bound to address both components if a defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

    i.    Counsel Was Not Ineffective For Failing To Argue For Suppression Of The Traffic Stop

Buckner argues that his attorney was ineffective because he did not challenge the traffic stop conducted by Washtenaw County Sheriff Officers. The Government argues that Buckner's claim should fail because the charges in this case are unrelated and arise from an arrest in April.

Buckner's reliance on *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004), is misplaced. In *Owens* the fruits of the search were actually admitted against the Defendant at his trial. *Id.* at 608. Here, there was no evidence admitted from the traffic stop or relied upon to support Buckner's conviction, and no charges arose from the earlier traffic stop. Counsel was not ineffective for not challenging the traffic stop.

    ii.    Counsel Was Not Ineffective For Failing To Investigate Actual Innocence

Buckner argues that his counsel failed to investigate his actual innocence. Buckner's only challenge is that he did not possess a stolen gun because the gun he did have was sold to him in exchange for drugs, and the informant who sold it to him lawfully possessed it courtesy of the ATF. Buckner says this makes him innocent, and had he known the gun was ATF owned he would not have pled guilty.

Buckner pled guilty to possession of a stolen firearm in violation of 18 U.S.C. §922(j). Even if Buckner establishes his innocence under §922(j), he is not entitled to relief. In a plea bargain setting, Buckner's task is not to establish that he is innocent of the crime he pled guilty to; instead, he must establish that he is actually innocent of the charges dismissed in consideration of the plea. *Hampton v. United States*, 191 F.3d 695, 703 (6th Cir. 1999). Bucker does not assert that he is innocent of the dismissed charges, so he has not established that his counsel's actions prejudiced him in any way. Counsel was not ineffective.

### B. Reduction Of Sentence

In a second motion, Buckner asks the court to modify his sentence.

Federal courts are forbidden, as a general matter, to "modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions. *Freeman v. United States*, 564 U.S. 522, 526 (2011). A reduction under 18 U.S.C. § 3582(c)(2) would be allowed, if Buckner established "(1) that he has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [U.S.] Sentencing Commission;" and "(2) such reduction is consistent with applicable policy statements

issued by the Sentencing Commission." *United States v. Braden*, 643 F. App'x 531, 533 (6th Cir. 2016).

To prevail, Buckner must demonstrate that the amendment is applicable to him, and that the amendment will lower his applicable guideline range. U.S.S.G. § 1B1.10(a)(2).

Buckner cites to Sentencing Commission Guidelines Amendment 782 in support of his motion. The amendment retroactively reduced the base offense level of many drug crimes. Specifically, it reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1; it made parallel changes to §2D1.11.

But, the amendment is not applicable to Buckner's sentence. Buckner pled guilty to possession of a stolen fire arm, in violation of §922(j). His sentence was calculated under USSG §2K2.1(a)(2), and limited by the statutory maximum. The drug guidelines were not implicated, so Buckner is not entitled to relief.

### C. Return Of Property

In a third motion, Buckner asks the Court to return money allegedly taken by the Washtenaw County Sheriff during an arrest. Buckner does not allege that his money was taken or possessed by the United States Government.

A person seeking the return of property may file a motion, pursuant to Fed. R. Crim. P. 41(g). Under Rule 41, the Court has both the jurisdiction and the duty to return the contested property once the Government's need for it has ended. *Savoy v. United States*, 604 F.3d 929, 932 (6th Cir. 2010).

A court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where "[t]here is no evidence of record to show that the property in question was ever in the possession of the federal Government." *United States v. Obi,* 100 F. App'x 498, 499 (6th Cir.2004) (dismissing motion for return of property where the inmate "failed to carry his burden of showing real or constructive possession of the property by the federal Government").

Buckner fails to meet his burden to show that the United States has his money. He states that $1,100 in US Currency was taken from him by the Washtenaw County Sheriff around February 6, 2013. There is no record of forfeiture by the United States Government of anything from the earlier traffic stop. The Court cannot order the Government to return something that it does not have.

### D. Appointment Of Counsel

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir.2002). Whenever the Court determines that the interests of justice requires, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28.18 U.S.C.A. §3006A. The appointment of counsel is, therefore, required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F.Supp.2d 637, 653 (E.D.Mich.2002).

Buckner submitted several well written and thoroughly researched motions in support of his claim for habeas corpus relief. He represented himself without the

assistance of an attorney.  Because Buckner's petition for habeas corpus fails, appointing an attorney is not necessary.

Motion for Appointment of Counsel is **DENIED.**

### E.  Evidentiary Hearing

Evidentiary hearings in habeas cases are not required when the record conclusively shows that the petitioner is entitled to no relief. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). This record demonstrates that. No evidentiary hearing will be held.

### F.  Certificate of Appealability

Before Buckner may appeal the Court's dispositive decision, a circuit or district judge must issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b), and may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, "a petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322,327 (2003) (citing Slack v McDaniel, 529 U.S. 473, 484 (2000)).

The Court concludes that Buckner failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a certificate of appealability is not warranted.

Finally, the Court finds that Buckner should not be granted leave to proceed *in forma pauperis* on appeal; any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

### G. Conclusion

Based on the foregoing facts, the Court **DENIES** Buckner's:(1) Motion to Vacate Sentence, pursuant to 28 U.S.C. §2255; (2) Motion for Reduction of Sentence, pursuant to 18 U.S.C. § 3582(c)(2); (3) Motion for Return of Property; (4) Motion to Appoint Counsel; (5) Motion to Supplement Pleading to the Motion Pursuant to Title 28 U.S.C. §2255; and (6) Motion to Amend Pleading.

As set forth above, Buckner is not entitled to a certificate of appealability, and he is denied leave to appeal *in forma pauperis.*

**IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: May 11, 2018

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 11, 2018.

s/Linda Vertriest  
Deputy Clerk

---