UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE EDWARD BUCKNER,

    Defendant.
_____/

Case No. 13-20299
District Judge Victoria A. Roberts
Magistrate Judge Mona K. Majzoub

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A JUDICIAL RECOMMENDATION UNDER THE SECOND CHANCE ACT [ECF No. 51]

### I.  INTRODUCTION

At issue is whether this Court should recommend to the Bureau of Prisons ("BOP") that Defendant Lawrence Buckner be allowed to serve the final nine to twelve months of his federal sentence in a residential reentry center ("RRC"). Because the Court's authority to issue such a recommendation is unclear, Defendant's motion is **DENIED**.

### II.  BACKGROUND

In 2013, Buckner was sentenced to 120 months imprisonment for possession of a stolen firearm. Buckner was sentenced pursuant to a Rule 11 plea agreement; he was originally charged with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841 and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). Buckner is scheduled to be released from prison on January 11, 2021.

1

Buckner says that he has maintained a positive disciplinary record while in prison and has completed all "core programmatic needs programming." He also maintains that he has completed "an extensive number of Educational, Adult Continuing Educational, Therapy, VA Related, Mental Health and Recreational Programming, both as a participant and a facilitator." [ECF No. 51, PageID.262]. Finally, Buckner will be 41 years of age at release and says he will be "without job prospects, residence, or support, and will require an extended period to secure such community and transitional needs prior to sentence expiration." [ECF No. 51, PageID.262].

### III.   STANDARD OF REVIEW

A federal defendant who has been convicted and sentenced to a term of imprisonment is committed to the custody of the Bureau of Prisons. 18 U.S.C. § 3621(a). The BOP "is directed to transfer prisoners to a residential reentry center as they approach the end of their sentences, in an effort to better prepare the inmates for reentry into the community." *See* 18 U.S.C. § 3624(c). The Second Chance Act "increased the maximum time available for pre-release RRC placement from six months to twelve months." *See* 18 U.S.C. § 3624(c)(1). Specifically, Section 3624(c) of the Second Chance Act states:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

In accordance with the statute, the BOP "is required to conduct an individualized assessment of each inmate to determine when the inmate should be placed in a residential reentry center, ensuring that the inmate's time in a residential reentry center is 'of sufficient duration to provide the greatest likelihood of successful integration into the community.'" In making its assessment, the BOP considers, among other factors: "(4) any statement by the court that imposed the sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." *See* 18 U.S.C. § 3624(c)(1).

## IV.  ANALYSIS

Buckner says the Court should recommend to the BOP that he spend the final nine to twelve months of his sentence in an RRC; he says that the Second Chance Act gives district courts the authority to make non-binding recommendations to the BOP on prisoner reentry placement. The Government says that district courts do not have the authority to issue post-sentencing recommendations to the BOP; in the alternative, the Government says the Court does not have enough information to make an informed recommendation.

The Court agrees with the Government—whether the Court has the authority to issue a non-binding recommendation to the BOP on Buckner's reentry placement is unclear, and in any event, the Court does not know enough to make an informed recommendation.

First—as just mentioned—whether the Court has jurisdiction to issue a post-sentencing recommendation to the BOP on prisoner reentry is unclear at best. Some courts interpret 18 U.S.C. § 3621(b) as giving district courts jurisdiction to issue recommendations to the BOP. *See United States v. Bartels*, No. 12-cr-20072, 2016 WL 6956796 (E.D. Mich. Nov. 29, 2016); *see also United States v. Buckley*, No. 2:13-cr-00125-TLN, 2018 WL 6067437 (E.D. Cali. Nov. 20, 2018). However, other courts have found that district courts lack the authority to make such recommendations to the BOP. *See United States v. Shahab*, No. 10-20014, 2017 WL 3484492 (E.D. Mich. Aug. 15, 2017); *see also United States v. George*, No. 14-20119, 2018 WL 2148179, at *3 (E.D. Mich. May 10, 2018) ("The BOP has total authority over Defendant's placement, date of release, and/or any pre-release, and the Court will not attempt to influence this BOP decision.").

Many courts simply defer to the BOP, acknowledging that the BOP is in the best position to decide whether and to what extent a particular prisoner qualifies for RRC placement. *See United States v. Bishop*, No. 07-00516, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015) (finding that the "BOP is better suited to evaluating whether and to what extent re-entry placement is warranted" given that the Court had no information on defendant other than "the list of education courses he attended while incarcerated."); *see also United States v. Watte*, No. 13CR2754-H, 2018 WL 6190715, at *2 (E.D. Mich. Nov. 28, 2018) ("While the Court appreciates the Defendant's completion of various rehabilitation programs, the Court believes that the BOP is in the best position to evaluate the Defendant's current situation and make an appropriate determination as to RRC placement.").

Finally, even if this Court has jurisdiction to make a recommendation to the BOP, it lacks the information to do so responsibly. Buckner provided the Court with a list of the educational and rehabilitative programs he completed while incarcerated. While his completion of these programs is laudable, the BOP has the most relevant information and is simply "in the best position to evaluate the current situation and make an appropriate determination as to RRC placement." *See Watte,* 2018 WL 6190715 at *2. This Court is also mindful that the United States Supreme Court "has regularly cautioned the district courts to stay out of the business of micro-managing prisons." *See McAfee v. Patton*, No. 06-CV-68-HRW, 2006 WL 1313644, at *8 (E.D. Ky. May 11, 2006) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

V.  **CONCLUSION**

The Court's jurisdiction to issue a recommendation to the BOP on Buckner's reentry placement is unclear; further, the Court does not know enough about Buckner's prison record to make an informed recommendation. The BOP is in the best position to decide whether and to what extent Buckner is eligible for reentry placement.

The Court declines to make the requested recommendation to the BOP.

Buckner's motion is **DENIED**.

 **IT IS ORDERED**.

S/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated:  July 9, 2019